John W. Park, Esq. County Attorney, Ontario County
You have asked whether a county personnel officer may be assigned the responsibility for payroll preparation and other duties not specifically authorized by the Civil Service Law.
A county may appoint a personnel officer as one authorized form of local civil service administration (Civil Service Law, § 15[1][b]). The personnel officer has all the powers and duties of a municipal civil service commission (commission) under the Civil Service Law (ibid.).
You have suggested that the provisions of section 27 of the Civil Service Law prohibit the expansion of the duties of the personnel officer. Your reasoning is that a purpose of section 27 is to prevent the performance by the personnel officer of additional functions beyond those specified in the Civil Service Law. Section 27 provides that members of commissions and personnel officers may not hold any other public office or employment for which they receive compensation, other than necessary travel and other expenses, from the political subdivision(s) over which they have jurisdiction. It is further provided that they may not serve as an officer of any political party.
We believe that there is no reason to apply section 27 so broadly. It is a specific prohibition only on the holding of another public office or employment and on serving as an officer of a political party.
We have found no prohibition against the expansion of the duties of the personnel officer beyond those provided by the Civil Service Law. Of course, it would be unwise for the county legislative body to delegate additional duties to the personnel officer that would conflict with his existing duties. This would not be common law incompatibility, since that doctrine applies to the holding of two or more public offices by the same person, the duties of which are incompatible or where one office is subordinate to the other (Peo. ex rel. Ryan v Green, 58 N.Y. 295
[1874]). However, the logic of the rule in the Ryan case would apply here with equal force. (See 1980 Op Atty Gen [Inf] 261.)
You have suggested that another problem inherent in expanding the duties of the personnel officer is that his staff would expand, requiring him to assign civil service classifications to his own employees. It is our understanding that it is not uncommon for personnel officers or commissions to have staffs in fulfilling their duties under the Civil Service Law. Therefore, we do not view this circumstance as precluding the expansion of the duties of the personnel officer.
You have asked particularly whether the assignment to the personnel officer of the responsibility for payroll preparation conflicts with his statutory responsibility to certify payrolls. Section 100 of the Civil Service Law provides that a disbursing or auditing officer of a civil division of the State may not approve or pay any salary or compensation for personal service to any person holding a position in the classified service unless the voucher or payroll bears the certificate of the personnel officer or commission that the persons named are employed in their positions in accordance with the law. It further provides that if the personnel officer or commission finds that any person has been promoted, transferred, assigned, reinstated or otherwise employed in violation of the law, the officer or commission shall notify the disbursing or auditing officers who thereafter may not pay or approve the payment of any salary or compensation to such person. The personnel officer or commission may designate in writing an officer or employee to execute the certificate (ibid.).
We see no conflict in permitting the personnel officer to be in charge of preparing the payroll. Payroll preparation is an administrative act based upon internal records and information received from the various employing units of the municipality Certification of the payroll is to insure that the employees on it who are in the classified service hold their positions in accordance with the Civil Service Law and rules. We see no conflict if the personnel officer or his designee carries out each of these functions. They are separate ministerial acts involving minimal exercise of discretion and neither is inconsistent with nor subordinate to the other.
We conclude that a county may assign to its personnel officer the responsibility for payroll preparation and other duties not specifically authorized by the Civil Service Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.